**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERCY JAMES PEARCE,

               Petitioner,

    v.

UNITED STATES OF AMERICA and
UNITED STATES PAROLE
COMMISSION,

               Respondent.

_____/

No. C 06-6291 PJH (PR)

**ORDER OF DISMISSAL**

This is a habeas case attacking a federal conviction.  Petitioner was convicted in the United States District Court for the Eastern District of California.  *See United States v. Pearce*, 993 F.2d 1021, 1022 (9th Cir. 1993).  The petition is confusing and diffuse, and at times incomprehensible, but it appears that his claims go to his conviction rather than to the execution of his sentence.

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  A petition under section 2241 must be heard in the district of confinement, whereas if the petition is under section 2255 it must be heard in the sentencing court.  *Id.*  The sentencing court here was the United States District Court for the Eastern District of California, so if this is a section 2255 petition, this court lacks jurisdiction.

On the other hand, if this is a section 2241 habeas petition, this may be the proper venue.  Although it is not even clear if petitioner is in fact "confined," as his return address

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    is a street address in Oakland, he may be on parole or supervised release; he has named

2    the United States Parole Commission as a respondent.  Thus, if he is confined at all, the

3    district of confinement is this one.  That is, if this petition properly may be brought under

4    section  2241, this court has jurisdiction, but if it must be brought under section 2255,

5    jurisdiction is in the Eastern District.

6        With the exception noted below, a prisoner in custody under sentence of a federal

7    court who wishes to attack collaterally the validity of his conviction or sentence must do so

8    by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the

9    court which imposed the sentence.  *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.

10   1988).  He may not attack collaterally a federal conviction or sentence by way of a petition

11   for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Grady v. United States*, 929 F.2d

12   468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation

13   must be brought in sentencing court via § 2255 motion); *Tripati*, 843 F.2d at 1162

14   (challenge to legality of conviction must be brought in sentencing court via § 2255 motion).

15       There is an exception to this general bar: a federal prisoner authorized to seek relief

16   under § 2255 may seek relief under § 2241 if he can show that the remedy available under

17   § 2255 is "'inadequate or ineffective to test the validity of his detention.'"  *United States v.*

18   *Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  The Ninth Circuit has

19   recognized that the "inadequate or ineffective" exception in is very narrow.  *Pirro*, 104 F.3d

20   at 299.  For example, the remedy under section 2255 is not considered inadequate or

21   ineffective even when a successive section 2255 motion could not be entertained by the

22   sentencing court.  *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not

23   available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely

24   because the court of appeals refuses to certify a second or successive motion under the

25   gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)

26   (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas

27   relief under § 2255 an inadequate or effective remedy).

28       Although petitioner does not say so in his petition, he has filed at least two section

2

**United States District Court**
For the Northern District of California

1  2255 motions in the Eastern District.  *See United States v. Pearce*, 993 F.2d at 1022.  This

2  means that if he tries to file another section 2255 motion there, it will be dismissed as

3  successive under 28 U.S.C. § 2244(b) unless he first obtains permission to file a

4  successive motion from the United States Court of Appeals for the Ninth Circuit.  *See* 28

5  U.S.C. § 2244(b)(3)(A).  This does not make federal habeas relief under § 2255 an

6  ineffective or inadequate remedy, however.  *See Lorentsen*, 223 F.3d at  953.  Therefore,

7  because a section 2241 remedy is not available under the savings clause of section 2255,

8  this petition must be treated as filed under section 2255, and this court lacks jurisdiction

9  over it.  *See* 28 U.S.C. § 2255 (§ 2255 motions to be brought in sentencing court);

10  *Hernandez*, 204 F.3d at 865.

11        The court must consider whether a transfer to the Eastern District is appropriate.

12  Petitioner does not contend that he has obtained the permission of the court of appeals to

13  file a second or successive section 2255 motion, and this is confirmed by a review of

14  petitioner's cases on the docket of the United States Court of Appeals for the Ninth Circuit.

15  *See* 28 U.S.C. § 2255 (second or successive § 2255 motion must be certified by panel of

16  court of appeals as provided in § 2244).  If petitioner wishes to pursue claims attacking his

17  conviction he will have to obtain permission from the Ninth Circuit to file another section

18  2255 motion in the Eastern District.  A transfer to the Eastern District without such

19  permission would be futile.

20        This case is **DISMISSED** without prejudice for lack of jurisdiction.  The clerk shall

21  close the file.

23        **IT IS SO ORDERED.**

25  Dated: October 31, 2006.

                                    PHYLLIS J. HAMILTON
26                                    United States District Judge

27  G:\PRO-SE\PJH\HC.06\PEARCE291.DSM

3